Filed 10/19/22  P. v. Quigley CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JASON LEE QUIGLEY,<br><br>     Defendant and Appellant. | F082760<br><br>(Super. Ct. No. LF012937A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John Merritt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Peña, Acting P. J., Smith, J. and Snauffer, J.

Defendant Jason Lee Quigley contends on appeal that (1) his sentence must be vacated and his case remanded for resentencing in light of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), which modified Penal Code section 1170, subdivision (b);[1] and (2) his defense counsel was ineffective in failing to object to the upper term sentences for counts 1 and 3. We vacate defendant's sentence and remand for resentencing in light of amended section 1170, subdivision (b). In all other respects, we affirm.

## PROCEDURAL SUMMARY

On July 15, 2020, the Kern County District Attorney filed an information charging defendant with kidnapping (§ 207, subd. (a); count 1); assault (§ 245, subd. (a); count 2); inflicting corporal injury on a spouse or cohabitant (§ 273.5, subd. (a); count 3); making a criminal threat (§ 422; count 4); and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364; count 5). As to count 1, the information further alleged that defendant had used a deadly weapon, a knife, within the meaning of section 12022, subdivision (b)(1). As to count 3, it was also alleged that defendant had suffered a prior conviction under section 273.5, subdivision (f)(1). The information further alleged that defendant had suffered a prior "strike" within the meaning of the "Three Strikes" Law. (§§ 667, subds. (b)–(i), 1170, subds. (a)–(d).)

On March 5, 2021, a jury convicted defendant of count 3 (§ 273.5), count 5 (Health & Saf. Code, § 11364), and false imprisonment (§ 236), a lesser-included offense of count 1. The jury did not reach a verdict on counts 2 and 4. The jury did not render a verdict on the knife use allegation since it acquitted on count 1 as charged. The trial court declared a mistrial on counts 2 and 4. In a separate proceeding, the trial court found true both prior conviction allegations.

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

On May 4, 2021, the trial court sentenced defendant on count 3 to 10 years (the upper term, doubled pursuant to his prior strike conviction); on count 1, six years (the upper term, doubled pursuant to his prior strike conviction), concurrent; and on count 5, 180 days in county jail, concurrent.  He received a total of 624 days credit:  312 actual days, and 312 good conduct and work time days.

On May 5, 2021, defendant filed a notice of appeal.

## DISCUSSION[2]

### I.      Senate Bill 567

Defendant contends the trial court's sentence to the upper term on counts 1 and 3 should be vacated and the case remanded in light of Senate Bill 567's amendments to section 1170, subdivision (b).[3]  The People agree, as do we.

#### A.      *Background*

At sentencing, the trial court denied defendant probation due to defendant's "extensive record of prior criminal conduct" and because he committed the charged offenses while on misdemeanor probation.  It then sentenced defendant to the upper term on counts 1 and 3.  The sentence to count 1 was imposed concurrent to count 3.

The trial court stated,

> "As to [c]ount 3 probation is denied.  The defendant is sentenced to the Department of Corrections for the upper term of 10 years.  It finds the upper term appropriate given mitigation aggravation, the totality of what the Court had to read in this case and finds the upper term appropriate."

---

[2]      Because defendant raises only sentencing issues, the facts underlying the offense are not relevant and are omitted from this opinion.

[3]      Defendant also contends that defense counsel's failure to object to the trial court's sentencing procedure deprived defendant of his right to effective assistance of counsel.  However, as the People agree, we need not address this issue because defendant's sentence is vacated and remanded for resentencing in light of amended section 1170, subdivision (b).

### B. Law

On October 8, 2021, Senate Bill 567 was signed into law. It amends the determinate sentencing law, section 1170, subdivision (b), which delineates the trial court's authority to impose one of three statutory terms of imprisonment, known as the lower, middle, or upper terms, by making the middle term the presumptive sentence for a term of imprisonment, unless certain circumstances exist. (See Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1), (2).) Effective January 1, 2022, under the newly amended law, the trial court may impose an upper term sentence only where circumstances in aggravation justify imposition of a term above the middle term, and the facts underlying all of the aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or court trial. (*Ibid*.)

Under amended section 1170, subdivision (b)(5), the trial court must "set forth on the record the facts and reasons for choosing the sentence imposed. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b)(5).)

### C. Analysis

Senate Bill 567 went into effect on January 1, 2022. Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendment's operative date. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307–308 [discussing *In re Estrada* (1965) 63 Cal.2d 740]; *People v. Brown* (2012) 54 Cal.4th 314, 323.) The "consideration of paramount importance" is whether the amendment lessens punishment. (*Estrada*, at p. 744.) If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively. (*Estrada*, at p. 745.) As Senate Bill 567's amendments to section 1170, subdivision (b), lessen punishment, and there is no indication that the Legislature intended it to apply

prospectively only, the new law must be retroactively applied. Therefore, the amendment to section 1170, subdivision (b), applies to all cases not final on Senate Bill 567's effective date. (*Estrada*, at pp. 745–746; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

As a threshold matter, the parties agree that Senate Bill 567 is retroactive to cases not yet final on appeal pursuant to *Estrada* and that defendant's case was not final on January 1, 2022. We agree.

Defendant argues that it is impossible to determine whether the imposition of an aggravated term was warranted and whether the upper term sentences were based upon facts that the jury would have had to find true beyond a reasonable doubt because the trial court "failed to provide any reasons for its imposition of the upper term sentence." The People agree, stating, "the trial court arguably relied upon aggravating circumstances that were neither admitted by [defendant] nor found by a jury beyond a reasonable doubt," when it sentenced defendant to the upper term on counts 1 and 3. We agree with the parties that, as defendant states, "[w]ithout an explanation of the reasons for imposing an upper term sentence, there simply is no rationale or logical manner to determine the propriety of the sentence." The trial court's sentence to the upper term on counts 1 and 3 is therefore not consistent with the requirements of Senate Bill 567's amendment to section 1170, subdivision (b). Therefore, as the parties agree, the sentence must be vacated and the matter remanded to the trial court for resentencing in compliance with amended section 1170, subdivision (b).

## II. Enhancement

Defendant further contends that the trial court may have impermissibly used the fact of defendant's enhancement for a prior conviction under section 273.5, subdivision (f), to both increase the maximum sentence and impose the upper term on count 3, because the trial court found this enhancement to be true based upon defendant's

5

prior strike conviction, increasing the maximum sentence on count 3 from four to five years, and then doubled that sentence from five to ten years "based upon the same prior strike conviction used to increase the maximum sentence to five years." "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b)(5).) However, the People contend that we need not address the issue because it can be addressed by the trial court upon full resentencing. We agree with the People.

Upon remand, the trial court may revisit all of its prior sentencing decisions under amended section 1170, subdivision (b). (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–429 ["[T]he full resentencing rule allows a [trial] court to revisit all prior sentencing decisions when resentencing a defendant"]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["the full resentencing rule"]; *People v. Jones* (2022) 79 Cal.App.5th 37, 45–46 [where a defendant's sentence is potentially affected by recent amendments to sections 654 and 1170, subdivision (b), remand for a full resentencing is appropriate].) On resentencing, defendant may raise the issue of whether the trial court was permitted to use the fact of defendant's enhancement to both increase the maximum sentence and impose the upper term on count 3.

## DISPOSITION

Defendant's sentence is vacated, and the case is remanded for resentencing in light of amended section 1170. In all other respects, we affirm.